UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN ADMIRALTY

Case No.:

IN RE:

PETITION OF PAUL LILE, as owner of a 1988 11' Boston Whaler, hull identification number BWCL4445L788, her engines, tackle, and appurtenances,

       Petitioner.                    /

**PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner Paul Lile, as owner of a 1988 11' Boston Whaler, hull identification number BWCL4445L788, her engines, tackle, and appurtenances (the "Vessel"), hereby files this Petition for Exoneration From or Limitation of Liability pursuant to 46 U.S.C. § 30501 *et seq.* and Supplemental Rule F, and, in support thereof, states as follows:

1. This is a claim within the admiralty and maritime jurisdiction of this Court, as hereinafter more fully appears.

2. Subject matter jurisdiction arises under 28 U.S.C. § 1333 and 46 U.S.C. § 30501 *et seq*.

3.      This is a claim within the admiralty and maritime jurisdiction of this Court and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

4.      The events, acts and circumstances giving rise to this action allegedly occurred over navigable waters of the United States, in the waterways of Collier County, Florida.

5.      At all times pertinent hereto, Petitioner is and was the owner of the Vessel at the time of the below described incident.

6.      Petitioner seeks exoneration pursuant to Supplemental Rule F(2) and, in alternative, seek to claim and invoke the rights, privileges, remedies and procedures of the Shipowners Limitation of Liability Act, Title 46, U.S. Code Section 30501 *et seq*.

7.      On or about May 21, 2023, the Vessel was in the area of Naples Bay in Naples, Collier County, Florida, when another vessel caused a large wake, resulting in alleged injuries to an occupant aboard the Vessel (the "Incident").

8.      At all times material, prior to the Incident, Petitioner exercised due diligence to make the Vessel seaworthy in all respects and to properly man, equip, outfit and supply the Vessel with suitable machinery, apparel, appliances, personnel

and other appropriate and necessary equipment, all in good condition and suitable for his intended operations.

9. At all times material hereto, Petitioner was qualified, properly trained, and experienced in the use and operation of the Vessel.

10. The Vessel was in navigable waters at the time of the Incident.

11. As a result of the alleged Incident, it is believed those involved in the Incident has, will, or may make claim(s) for damages from Petitioner in excess of the value of the Vessel.

12. This petition is timely filed within six (6) months of any written notice of claim.

## COUNT I – EXONERATION OF PETITIONER PAUL LILE

13. Petitioner reasserts and re-allege each and every allegation set forth in paragraphs one (1) through twelve (12) above as if more fully set forth at length herein.

14. At all times material prior to the alleged Incident, Petitioner exercised due diligence to make the Vessel seaworthy in all respects and to properly man, equip, outfit and supply the Vessel with suitable engines, machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good condition and suitable for its intended operations.

15. The Vessel was, at all times relevant to the alleged Incident described herein, completely seaworthy and free of any defect or deficiency in her hull, equipment and machinery.

16. There was no negligence on the part of Petitioner that caused or contributed to any alleged injury or loss or damage sustained by any claimant or potential claimant herein.

17. At all times material hereto, Petitioner exercised reasonable care under circumstances.

18. The Vessel at all times material to this action was reasonably manned, utilized, and operated.

19. Pursuant to Supplemental Rule F, Petitioner alleges he is entitled to exoneration as to any alleged damage sustained by any claimant or potential claimant arising from the Incident as said damage was not the result of any fault or neglect attributable to Petitioner.

WHEREFORE, pursuant to the provisions of Supplemental Rule F(2), Petitioner Paul Lile must be exonerated from all fault and legal responsibility for said Incident.

## COUNT II – LIMITATION OF LIABILITY OF PETITIONER PAUL LILE

20. Petitioner reassert and re-allege each and every allegation set forth in paragraphs one (1) through twelve (12) above as if more fully set forth at length herein.

21. Pursuant to 46 U.S.C. §§ 30505 and 30511, Petitioner, in the alternative, is entitled to limitation to the amount or value of the interest of Petitioner, in the Vessel following the Incident as the Incident occurred without the privity or knowledge of Petitioner within the meaning of 46 U.S.C. § 30505.

22. The Vessel was within the jurisdiction of this Court at the time of the Incident.

23. Petitioner avers the value of the Vessel immediately following the Incident is no more than Four Thousand Dollars (USD $4,000.00) as reflected in the Ad Interim Stipulation of Value and Stipulation for Costs filed with this Court. *See* Declaration of Value, dated December 18, 2023 attached hereto as Exhibit "A."

WHEREFORE, Petitioner prays:

a. This Honorable Court will enter an Order directing the issuance of a Monition to all persons, firms and corporations claiming damages for any and all losses, damages or injuries done, occasioned, sustained, or incurred by reason of the events described in this Petition, citing them to appear and answer the allegations of this Petition according to the law

and practices of this Honorable Court on or before a date certain and time to be fixed by the Monition;

b. This Honorable Court enter an Injunction restraining the further prosecution and/or commencement hereafter of any and all suits, actions or legal proceeding of any nature or description already begun to recover damages arising out of, occasioned by or consequent upon the Incident as set forth in this Petition, except in the present proceeding;

c. This Honorable Court approve the Ad Interim Stipulation for Value filed with the Court as security for the potential claims subject to any claimant's right to challenge the security as permitted by the Supplemental Rules;

d. This Honorable Court adjudge and decree:

   i. That Petitioner is not liable to any extent, but are exonerated from any responsibility, loss, damage, or injury, nor for any claim whatsoever in any way arising out of the Incident; or

   ii. That if Petitioner shall be judged liable, then such liability shall be limited to the value of his interest in the Vessel immediately following the Incident and be divided in accordance with any claimants as may duly prove their claims, saying to all parties

any priorities that they may be legally entitled and that a decree may be entered discharging Petitioner of all further liability;

e. That Petitioner may have such other and further relief as this Court deems just and proper.

Dated: December 19, 2023

                Respectfully submitted,

                **DAVANT LAW, P.A.**
*Attorneys for Petitioner*
12 SE 7th Street, Suite 601
Fort Lauderdale, FL 33301
Telephone: (954) 414-0400
Facsimile: (954) 332-2301

By: */s/ Charles S. Davant*
Charles S. Davant (Lead Counsel)
Florida Bar No. 15178
csd@davantlaw.com
Brandon Bushway
Florida Bar No. 1015247
beb@davantlaw.com