UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PETITION OF PAUL LILE, as
Owner of a 1988 11' Boston Whaler,
hull identification number
BWCL4445L788, her engines,
tackle, and appurtenances,

    Petitioner.

                             Case No.:  2:23-cv-1197-JES-KCD

_____/

## ORDER

Before the Court is Petitioner's Motion for Entry of Order Approving Ad Interim Stipulation and Directing Issuance of Monition and Injunction. (Doc. 3.)

Petitioner filed a Petition for Exoneration from or Limitation of Liability regarding a 1988 11' Boston Whaler, bearing hull identification number BWCL4445L788 (the "Vessel"), pursuant to 46 U.S.C. § 30501, *et seq.* and Supplemental Rule F, for damages, injuries, or fatalities caused by or resulting from an incident occurring on or about May 21, 2023, in the navigable waters at or near Naples, Florida (the "Petition") (Doc. 1.)

Petitioner now asks that the Court to (1) approve the ad interim stipulation of $4,000; (2) issue a monition and notice to all potential claimants; and (3) impose an injunction precluding the further prosecution of any

proceedings against Petitioner arising from any claims subject to limitation. (Doc. 3.)

The motion can be denied in short order because the ad interim stipulation (Doc. 2) is deficient. Petitioner has not complied with Rule F of the Supplemental Rules for Admiralty and Maritime Claims. Under subsection (1) of Rule F, a vessel owner must deposit with the court a sum equal to the amount or value of the owner's interest in the vessel and pending freight. Petitioner states that the value of the Vessel is $4,000. But rather than deposit that amount with the Court, Petitioner says he will do so in the form of a surety bond if a demand is made by any claimant or "after the entry of an Order confirming the report of a commissioner to be appointed to appraise the amount of value of the Petitioner's interest in the Vessel" or that the "Stipulation shall stand as security for all claims in the said limitation of liability proceeding *in lieu* of said bond." (Doc. 2 at 2.) But none of these proposed actions follow the procedures for limitation actions set forth in Supplemental Rule F, and Petitioner makes no argument as to why the Court should excuse compliance with Rule F here.

"The posting of proper and adequate security is a condition precedent to obtaining the benefits of the [Act], and [a] district court [has] discretion to require [an owner] to post security in one of the approved forms." *N.Y. Marine Mgrs., Inc. v. Helena Marine Serv.*, 758 F. 2d 313, 317 (8th Cir. 1985). Once the

2

vessel owner complies with these provisions, the Act authorizes a court to stay all proceedings against the owner or the owner's property with respect to the matter in question, and to direct all potential claimants to file their claims against the owner in federal court within a specified period. Fed. R. Civ. P. Supp. F(3), (4). The stipulation here, filed by the same counsel, uses the same language previously rejected by this Court. *See In re Petition of Freedom Marine Sales LLC*, No. 2:23-cv-905-JLB-KCD. For the same reasons found in that case, the ad interim stipulation (Doc. 2) is rejected.[1]

Accordingly, Petitioner's Ad Interim Stipulation of Value and Stipulation for Costs (Doc. 3) is **DENIED WITHOUT PREJUDICE**. Petitioner must refile a motion and supporting documents to cure the deficiencies in a similar fashion to those ultimately approved in the *Freedom Marine Sales* case by **January 16, 2024**.

**ORDERED** in Fort Myers, Florida this January 2, 2024.

Kyle C. Dudek
United States Magistrate Judge

---

[1] Like the *Freedom Marine Sales* case, Petitioner attached an "Affidavit of Value" from Morris Marine, Inc. to the Complaint. (Doc. 1-1.) The affidavit states that the value of the vessel is $4,000. (Doc. 1-1.) Yet the ad interim stipulation makes no mention of the affidavit, stating only that Petitioner will deposit a surety bond in the Court registry after the entry of an order confirming the report of a commissioner to be appointed to appraise the Vessel. (Doc. 2 at 2.) The affidavit and the stipulation don't seem to go together, nor does the motion for approval discuss the affidavit.