UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN ADMIRALTY

Case No.: 2:23-cv-01197-JES-KCD

IN RE:

PETITION OF PAUL LILE, as owner of a 1988 11' Boston Whaler, hull identification number BWCL4445L788, her engines, tackle, and appurtenances,

      Petitioner.         /

**PETITIONER'S UNOPPOSED MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT OF EXONERATION AGAINST ALL NON-APPEARING POTENTIAL CLAIMANTS**

Petitioner Paul Lile, as owner of a 1988 11' Boston Whaler, hull identification number BWCL4445L788, her engines, tackle, and appurtenances (the "Vessel"), pursuant to Fed. R. Civ. P. 55(b)(1), hereby files this Unopposed Motion for Entry of Final Default Judgment of Exoneration Against All Non-Appearing Potential Claimants, and in support thereof state as follows:

1. As set forth in more detail below, this is a statutory proceeding initiated by the Petitioner pursuant to Title 46, United States Code, § 30501 *et. seq.* ("Limitation Action"), claiming the right to exoneration from or limitation of liability for all claims arising out of an alleged accident which occurred on or about

May 21, 2023, as more particularly described in the Petition for Exoneration from or Limitation of Liability ("Petition") filed in this case. *See* Petition, DE 1.

2. On December 19, 2023, Petitioner filed the Petition, followed by an Amended Ad Interim Stipulation of Value and Stipulation for Costs on January 4, 2024. *See* DE 1, 9.

3. On January 5, 2024, the Court entered its Order Approving the Amended Ad Interim Stipulation, Directing Issuance of Monition and Injunction, staying all actions or proceedings against the Petitioner arising out of the alleged incident. *See* DE 11.

4. Pursuant to the Court's Order, any persons or entities asserting any claims were required to file same on or before **February 20, 2024**. *See id.*

5. The Court's Order also required that notice be published in an approved newspaper as specified in Supplemental Rule F. *See id.*

7. As a result, Petitioner arranged for publication in the Business Observer Newspaper in Collier County successively for a period of four weeks, with the following publication dates: January 12, January 19, January 26, and February 2, 2024. Publication is evidenced by Petitioner's Notice of Filing Proof of Publication and Compliance with Court Order. *See* DE 14.

9. In addition, Petitioner sent notice of the action to counsel for Susan Morris and Donald Deubler, which consisted of everyone involved in the subject incident. *See* DE 20-1.

10. On February 20, 2024, Claimants Donald Deubler and Susan Morris filed Answers, Affirmative Defenses, and Claims. *See* DE 15, 16, 17.

11. No other parties or potential claimants have contacted the undersigned or any other attorney at Davant Law, P.A. with regard to filing a claim in this matter.

12. To date, there have been no other requests by any potential claimants for an extension of time in which to answer, move, claim or otherwise appear in this Limitation Action.

13. Pursuant to Fed. R. Civ. P. 55(a), on February 21, 2024, Petitioner sought a Clerk's Default against all non-appearing potential claimants for failure to claim, defend, or otherwise prosecute their claims in the action. *See* DE 20. The same day, the Court granted Petitioner's Motion for Entry of Clerk's Default. *See* DE 21. A Clerk's Default was subsequently entered against all non-appearing potential claimants. *See* DE 22.

14. Petitioner has complied with the Federal Rules of Civil Procedure, and the Supplemental Rules for Certain Admiralty and Maritime Claims as to notice of the claim, service of the Petition, publication of the Petition, obtaining an entry of default from the Clerk of Court and, thus, is entitled to entry of Final Default

Judgment of Exoneration as to all claimants not making an appearance or filing a claim prior to the deadline set by this Court.

16. As such, entry of Final Default Judgment of Exoneration against all non-appearing potential claimants is proper.

17. In light of the foregoing, Petitioner respectfully requests this Court enter a Final Default Judgment of Exoneration from Liability as to all claimants that failed to file a claim by the Court's February 20, 2024 deadline.

## MEMORANDUM OF LAW

No claimants other than Mr. Deubler and Ms. Morris have filed claims against Petitioner or moved for an extension in this action. Petitioner has complied with all admiralty rules regarding publication of this Court's monition and is thus entitled to entry of Final Default Judgment of Exoneration.

**1.　Publication of Notice**

Rule F of the Supplemental Rules for certain Admiralty and Maritime claims provides that notice of a Petition for Limitation is to be published and mailed to known claimants. Supp. Rule F(4). Petitioner published the notice as specified in the Court's Order (DE 11) and Supplemental Rule F(4), as evidenced in its Notice of Filing Proof of Publication and Compliance with Court Order and the affidavit attached thereto as Exhibit "A." *See* DE 14, 14-1. In addition, and pursuant to the

Court's Order (DE 11), Petitioner sent notice of the action to all known potential claimants. *See* DE 20-1.

Other than what is called for in the rules, personal service is not required. *Morrison v District Court of U. S. for Southern District of New York*, 147 U.S. 14, 34 (1893) (it is not necessary in order to sustain the proceeding for limited liability that the owner of the injured vessel or persons claiming damages should be personally served with notice thereof within the district where such proceedings are taken). What is required is that reasonable notice be made upon the claimants or their attorneys, so that all parties may appear before the court, answer the allegations of the petition, and file their claims. *See* Benedict on Admiralty § 8-110 (7th Ed. (Rev.) 2010) (citations omitted).

**2.    Claims Filing Deadline**

Supplemental Rule F(5) requires a claimant to file a claim before the return date specified by the Court pursuant to Supplemental Rule F(4). Supp. Rule F(5). The Rule makes clear that "if a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant <u>shall</u> file and serve an answer to the complaint unless the claim has included an answer." *Id*. (emphasis added). If claimants desire to contest exoneration or limitation, they are required to file their claims. *In the Matter of the Petition of the M/V Sunshine, II v. Beavin*, 808 F.2d 762, 764 (11th Cir. 1987) (citing Supp. Rule F(5)); *see also, In re Complaint of*

*Beauvois*, 2010 WL 5055833, *2 (M.D. Fla. Dec. 3, 2010) (slip op.) ("Supplemental Rule F(5) requires that a claim be filed first and prior or contemporaneously with an answer being filed").

Where publication is made according to the rules and practice in admiralty proceedings, it becomes notice to all persons having any claims, whether they received actual notice thereof or not, and if they fail to appear within the time designated, they are liable to lose the opportunity of presenting their claims in that proceeding or in any other. *See Dowdell v. U. S. District Court for Northern District of California*, 139 F. 444, 445-46 (9th Cir. 1905). Thus, any person who desires to claim damages against Petitioner must file an answer and claim in this action. Supp. Rule F(5) (if a potential claimant desires to contest the right to limitation or exoneration, the claimant "shall file and serve an answer to the complaint"); *see also* Benedict on Admiralty § 8-26 (7th Ed. (Rev.) 2010), citing *The Maine*, 28 F. Supp. 578 (D. Md. 1939) (citations omitted). If a claimant fails to file a claim in the limitation action, said claimant will be bound by a finding of exoneration or limitation of liability. *See New Jersey Barging Corp. v. T.A.D. Jones & Co. (The Perth Amboy No. 1)*, 135 F. Supp. 97 (S.D.N.Y. 1955); *see also*, *Beavin*, 808 F.2d at 764.

The time for potential claimants to file their answers and claims in this matter has lapsed. The deadline to file answers and claims was **February 20, 2024.** *See* DE

11, 12. The only claimants to file Answers, Affirmative Defenses, and Claims were Mr. Deubler and Ms. Morris. *See* DE 15, 16, 17. All potential claimants to this cause of action have received the Court's Order (DE 11) and Monition (DE 12). The Order and Monition clearly provide that if claims were not received by Petitioner and the Court on or before February 20, 2024, the party would be defaulted. When the plaintiff provides actual and unqualified notice that delay in answering the complaint will result in default, the plaintiff is entitled to a default judgment. *See Wilson v. Moore & Assoc., Inc.*, 564 F.2d 366 (9th Cir. 1977).

**3.    Failure to File a Claim Entitles Petitioner to Default Judgment**

Rule 55(b)(2) allows the Court to enter a Final Default Judgment upon a showing of compliance with Rule 55. All notice required under Federal Rule of Civil Procedure 55 and Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims have been met. Submissions before this Court, including the proof that notice requirements have been met to all known potential claimants and via publication, make clear that potential claimants have been given adequate notice of the Petition and the Monition and have failed to appear, defend, or otherwise claim against Petitioner. Therefore, entry of Final Default Judgment of Exoneration is proper under these circumstances.

When a judgment by default is entered, it is generally treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded and is

7

given the same effect as between the parties as a judgment rendered after a trial on the merits. *See Riehle v. Margolies*, 279 U.S. 218, 225 (1929) ("A judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata*, in the absence of fraud or collusion, even if obtained upon default."); *see also Rhode Island Hosp. Trust Nat. Bank v. Ohio Cas. Ins. Co.*, 789 F.2d 74, 81 n.10 (1st Cir. 1986); *Moyer v. Mathas*, 458 F.2d 431 (5th Cir. 1972).

Federal Rule of Civil Procedure 54(c) states that judgment by default should grant the relief demanded in the pleadings. Fed. R. Civ. P. 54(c). Petitioner has sought an adjudication by this Court, via alternative pleading, for exoneration under Supplemental Rule F(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims or to limit liability under 46 U.S.C. § 30501 *et seq*. Given that there has been a default by all non-appearing claimants (DE 22), Petitioner herein seeks a final default judgment against all potential claimants who have failed to file a claim, specifically exonerating Petitioner from any and all liability for the incident as set out in further detail in the Petition. *See* DE 1.

While the entry of a judgment by default is subject to this Court's sound judicial discretion, courts generally consider a number of factors that may appear from the record before it. *See, e.g., Tweedy v. RCAM Title Loans, LLC*, 611 F. Supp. 2d 603, 606 (W.D. Va. 2009). One factor may be whether the defendants had participated in the litigation in any meaningful way. *Id*. In the case at bar, no

potential claimants have filed a claim in this action other than Sandoval. Another factor for consideration in granting a default judgment is whether the case involves issues of great public importance. *See, e.g., General Motors Corp. v. Blevins*, 144 F. Supp. 381, 389 (D. Colo. 1956) ("the important question of the constitutionality of a state statute should not be determined on default."). There is no issue of great public importance involved in the case at bar. A third factor in considering a motion for default judgment is whether the entry of a default judgment is largely technical. *See, e.g., Gresham v. Waffle House, Inc.*, 586 F. Supp. 1442 (N.D. Ga. 1984) (default judgment denied although defendant did not file renewed motion to dismiss within the 10-day period allowed for response, since such a technical default did not warrant the harsh sanction of default judgment). This is not a situation found in the "technical default" cases, wherein the default was not granted because a claim was filed technically late, or delay would not prejudice the plaintiff. *See, e.g., Draper v. Coombs*, 792 F.2d 915 (9th Cir. 1986) (motion for default judgment not granted when answer filed on same day plaintiff filed motion for default judgment); *Martin v. Delaware Law School of Widener Univ.*, 625 F. Supp. 1288 (D. Del. 1985) (motion for default judgment not granted when answer filed three days after motion for default judgment); *McKnight v. Webster*, 499 F. Supp. 420 (E.D. Pa. 1980) (motion for default judgment not granted when, though answer was untimely, there was no prejudice to plaintiff). Here, the default judgment sought is not largely technical in

nature, rather it is quite simple. Petitioner seeks entry of a default judgment against all potential claimants who have failed to file a claim pursuant to this Court's Order.

If a claimant desires to contest exoneration, that claimant is required to answer the petition and the burden of proof is on the claimant; the claimant must prove some fault on the part of Petitioner as in the case of a complaint charging liability. *See generally, Beavin*, 808 F.2d at 764; *Buie*, 823 F.2d at *1; *Beauvois*, 2010 WL at *2. If the Court finds exoneration, the question of limitation is moot. *Hammersley v. Branigar Organization, Inc.*, 762 F. Supp. 950 (S.D. Ga. 1991).

Because no potential claimants other than Mr. Deubler and Ms. Morris have made a claim or otherwise answered the allegations in the Petition, if taken as true, the allegations state a case of exoneration and Petitioner is entitled to a default judgment against all non-appearing potential claimants. *See Matter of Sarasota Youth Sailing, Inc.*, No. 8:21-CV-150-CEH-CPT, 2021 WL 4256575, at *3 (M.D. Fla. Sept. 17, 2021) (granting petitioner's motion for entry of final default judgment against all non-appearing claimants); *In re Vass*, No. 9:17-CV-81031, 2018 WL 11229125, at *2 (S.D. Fla. Feb. 12, 2018) (granting petitioner's motion for entry of final default judgment against all non-appearing claimants); *Matter of Hanson Marine Properties, Inc.*, No. 2:20-CV-958-SPC-MRM, 2021 WL 2481839, at *2 (M.D. Fla. June 2, 2021), *report and recommendation adopted*, No. 2:20-CV-958-SPC-MRM, 2021 WL 2477258 (M.D. Fla. June 17, 2021); *Petition of Daytona*

*Beach Aqua Safari, Inc. v. Castle*, No. 6:22-CV-740-CEM-DCI, 2023 WL 2329090, at *2 (M.D. Fla. Feb. 10, 2023), *report and recommendation adopted*, No. 6:22-CV-740-CEM-DCI, 2023 WL 4350445 (M.D. Fla. May 8, 2023). Thus, Petitioner seeks a default judgment exonerating Petitioner against all persons and entities who did not file an answer or a claim in this action.

## CONCLUSION

As detailed in the foregoing discussion, this Court has authority to enter a final default judgment against of exoneration all non-appearing potential claimants upon publication of the Petition. Petitioner has complied with the applicable procedural rules by publishing notice of its action in a paper of general circulation. Accordingly, a default judgment of exoneration should be entered in favor of Petitioner against all potential claimants that have not filed claims in this action. No party opposes the relief sought herein.

WHEREFORE, Petitioner Paul Lile respectfully requests the Court enter a final default judgment of exoneration as to all claimants other than Mr. Deubler and Ms. Lile that have failed to file a claim by the Court's February 20, 2024 deadline, in addition to such other and further relief deemed just and appropriate under the circumstances.

## Local Rule 3.01(g) Certification

The undersigned certifies he conferred with counsel for Claimants Donald Deubler and Susan Morris via multiple emails on February 21, 2024, who indicated they do not oppose the relight sought herein.

Dated: February 22, 2024

                                Respectfully submitted,

                                **DAVANT LAW, P.A.**
                                *Attorneys for Petitioner*
                                12 SE 7th Street, Suite 601
                                Fort Lauderdale, FL 33301
                                Telephone: (954) 414-0400
                                Facsimile: (954) 332-2301

                                By */s/ Brandon Bushway*
                                Charles S. Davant (Lead Counsel)
                                Florida Bar No. 15178
                                csd@davantlaw.com
                                Brandon Bushway
                                Florida Bar No. 1015247
                                beb@davantlaw.com

## Certificate of Service

I HEREBY CERTIFY that on this 22nd day February 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served a copy thereof on all counsel of record: Richard J. McAlpin, Esq. McAlpin, Florez, Marcotte, P.A., rmcalpin@mfm-maritime.com; dmarcotte@mfm-maritime.com; mstreet@mfm-maritime.com; 80 S.W. 8th Street, Suite 2805, Miami, Florida 33130, (305) -810-5400, Frank D. Butler, Esq. Frank D. Butler, P.A., fdblawfirm@aol.com; Griffin W. Sher, Esq. Gsher@fightingforfamilies.com; 10550 US Highway 19 North, Pinellas Park, Florida 33782.

*/s/ Brandon Bushway*
Brandon Bushway, Esq.